## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-60587-CIV-RUIZ

APPLE CORPS LIMITED and SUBAFILMS
LIMITED,

               Plaintiffs,

vs.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

               Defendants.

_____/

**PLAINTIFFS' *EX PARTE* MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3) AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiffs, Apple Corps Limited and Subafilms Limited, (collectively "Plaintiffs"), hereby move this Honorable Court, on an *ex parte* basis,[1] for an order authorizing alternate service of process on Defendants, the Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A" (collectively "Defendants"), brought pursuant to Federal Rule of Civil Procedure 4(f)(3). In support thereof, Plaintiffs submit the following Memorandum of Law.

---

[1] Plaintiffs are moving for alternate service *ex parte* as Plaintiffs have yet to provide Defendants with notice of this action. (See Declaration of T. Raquel Wiborg-Rodriguez in Support of Plaintiffs' *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ["Wiborg-Rodriguez Decl."] ¶ 1 n.1, filed herewith.) On March 19, 2020, Plaintiffs filed their *Ex Parte* Application for Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("*Ex Parte* Application for Temporary Restraining Order"), together with the supporting Declarations and Exhibits [ECF No. 6], which is currently pending before the Court. This Motion makes reference to Plaintiffs' *Ex Parte* Application for Temporary Restraining Order, and as such, Plaintiffs seek to prevent premature disclosure of that filing. (Id.)  However, Plaintiffs are filing this Motion so that, in the event Plaintiffs' *Ex Parte* Application for Temporary Restraining Order and this Motion are granted, Plaintiffs can effectuate service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure simultaneously with providing notice of the Court's order on Plaintiffs' *Ex Parte* Application for Temporary Restraining Order. (Id.)

## I.      <u>INTRODUCTION</u>

Plaintiffs are suing Defendants for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. Defendants are knowingly and intentionally importing, promoting, advertising, distributing, offering for sale, and selling goods bearing counterfeits and infringements of one or more of Plaintiffs' registered trademarks within this district and throughout the United States by operating e-commerce stores established via third-party Internet marketplace platforms under their seller identification names identified on Schedule "A" hereto (the "Seller IDs").

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiffs request an order authorizing service of process on Defendants via electronic mail ("e-mail") and via website posting. Alternate service by e-mail and by posting on a designated website are appropriate and necessary in this case, because Defendants (1) operate via the Internet; and (2) rely on electronic communications to operate their businesses. As such, Plaintiffs have the ability to contact Defendants directly and provide notice of Plaintiffs' claims against them electronically via e-mail. Additionally, Plaintiffs have created a website and will be posting copies of the Complaint and all other documents filed in this action. Plaintiffs respectfully submit that an order allowing service of process, and service of all filings, via e-mail and by posting on a designated website in this case will benefit all parties and the Court by ensuring Defendants receive immediate notice of the pendency of this action and allowing this action to move forward expeditiously. Absent the ability to serve Defendants by e-mail and/or by website posting, Plaintiffs will almost certainly be left without the ability to pursue a remedy.

## II.    STATEMENT OF FACTS

### A.    Defendants Have Valid Means of Electronic Contact.

Defendants operate Internet-based businesses and identify e-mail, including onsite contact forms, as a means of communication such that Plaintiffs will be able to provide Defendants with notice of this action via e-mail and website posting. (See Wiborg-Rodriguez Decl. ¶¶ 3-9, filed herewith.)   As a practical matter, it is necessary for merchants who operate entirely online, such as Defendants, to provide customers with a valid electronic means by which customers may contact the merchants to ask questions about the merchants' products, place orders from the merchants, and receive information from the merchants regarding the shipment of orders.  Further, e-commerce defendants generally must maintain accurate e-mail addresses where their marketplace platform administrator and payment processors may communicate with them regarding issues related to the maintenance of their e-commerce store accounts and transfer of funds for the payment of goods. Additionally, Plaintiffs have created a website that will be appearing at the URL http://servingnotice.com/awel3b/index.html ("Plaintiffs' Website"), such that anyone accessing Plaintiffs' Website will find copies of all documents filed in this action. (See Wiborg-Rodriguez Decl. at ¶ 8.)

Specifically, Defendant Numbers 1-20 have at least one method of electronic communication, such as e-mail via the online contact form associated with their respective e-commerce store operating under the Seller IDs in the form of Amazon's Buyer-Seller Messaging Service.  (See Wiborg-Rodriguez Decl. ¶ 3; see also Declaration of Kathleen Burns in Support of Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ["Burns Decl. in Support of Application for

Temporary Restraining Order"] ¶ 4, incorporated herein by reference.)[2]  Amazon's Buyer-Seller Messaging Service is a system that facilitates communication between customers and merchants in the Amazon marketplace.  (See Wiborg-Rodriguez Decl. ¶ 3.)  By using the Buyer-Seller Messaging Service, a customer can communicate with an Amazon merchant via a unique anonymized e-mail address.  (Id.)  This anonymized e-mail alias is treated in the same way as a real e-mail address.[3]  (Id.)  E-mails sent via Amazon's Buyer-Seller Messaging Service are routed to the merchant via the anonymized e-mail address.  (Id.)  Additionally, Amazon maintains a history of all e-mails routed through its system, and allows a customer to see a copy of the e-mail on the Messages page in the customer's account.  (Id.) More importantly, customers are automatically notified when an e-mail message is not delivered to the merchant, or the merchant's e-mail address is invalid. (Id.)  Amazon also maintains additional contact e-mail addresses for sellers operating via Amazon.com, and based upon multiple past actions, Amazon identifies these additional contact e-mail addresses for all Defendants at issue upon compliance with a temporary restraining order, such as the temporary restraining order Plaintiffs are requesting in the instant case. (Id.)

Additionally, Defendant Numbers 21-37 have provided an electronic form of contact in the form of DHgate.com's ("DHgate") messaging system.[4] DHgate's "Ask seller a question"

---

[2] On March 19, 2020, Plaintiffs filed their *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, together with supporting declarations and exhibits (the "Application for Temporary Restraining Order"). Plaintiffs' Application for Temporary Restraining Order, together with declarations and exhibits in support thereof [ECF No. 6], are all incorporated herein by reference.

[3] <u>See</u> Amazon's Buyer-Seller Messaging Service, available at http://www.amazon.com/gp/help/customer/display.html/ref=hp_rel_topic?ie=UTF8&nodeId=200441890 (last visited March 19, 2020).

[4] <u>See</u> DHgate's Contacting Your Seller service, is available at https://www.dhgate.com/html/services/win-contact.html (last visited March 19, 2020).

function is a system that facilitates communications between customers and merchants in DHgate.com's marketplace platform. (See Wiborg-Rodriguez Decl. ¶ 4.)

Furthermore, Defendant Numbers 38-71 can be contacted via the onsite contact forms embedded directly on their e-commerce storefront. (See Wiborg-Rodriguez Decl. ¶ 5.) Moreover, these Defendants use money transfer and retention services with PayPal, Inc. ("PayPal") as a method to receive monies generated through the sale of counterfeit products. (Id.) These Defendants have provided at least one accurate contact e-mail address in the form of a PayPal account to Plaintiffs' investigator while conducting business via their respective e-commerce stores operating under their Seller IDs. (See Burns Decl. in Support of Application for Temporary Restraining Order ¶ 4 and Composite Exhibit 3 attached thereto, incorporated herein by reference.) Clearly, Defendants' PayPal account e-mail addresses must necessarily be valid, working e-mail addresses; otherwise, Defendants would not be able to process payments through their PayPal accounts. (See Wiborg-Rodriguez Decl. ¶ 5.) Moreover, pursuant to PayPal's Electronic Communications Delivery Policy (E-Sign Disclosure and Consent), PayPal account holders consent to receive all communication electronically, including via e-mail, and are required to maintain a valid e-mail address.[5] If PayPal discovers an e-mail address has become invalid such that electronic communications sent to the e-mail address by PayPal are returned, PayPal may deem the account to be inactive and disable transaction activity until a valid, working e-mail address is provided. (Id.)

Moreover, Defendant Numbers 72-78, operating their respective e-commerce stores via the Internet marketplace website, Wish.com, have provided an electronic form of contact in the form of Wish.com's messaging system. (See Wiborg-Rodriguez Decl. ¶ 6) Wish.com's

---

[5] See also PayPal's Electronic Communications Delivery Policy (E-Sign Disclosure and Consent), available at https://www.paypalobjects.com/webstatic/ua/pdf/US/en_US/esign.pdf (last visited March 19, 2020).

messaging system facilitates communication between customers and merchants in the Wish.com marketplace through the customer's Order History webpage. (Id.) Additionally, ContextLogic, Inc., which operates the Wish.com website, maintains contact e-mail addresses for sellers operating via Wish.com, and based upon past actions, ContextLogic, Inc. identifies these additional contact e-mail addresses for all Defendants at issue upon compliance with a temporary restraining order, such as the temporary restraining order Plaintiffs are requesting in the instant case. (Id.) Defendants are further able to receive notice of this action by e-mail via the e-commerce marketplace platform that Defendants use to conduct their commercial transactions. (Id. at ¶ 7.)

Finally, Plaintiffs will be able to provide each Defendant notice of this action via public announcement on Plaintiffs' designated website. Plaintiffs have created their Website that will be appearing at the URL http://servingnotice.com/awel3b/index.html, whereon copies of the Complaint and all other pleadings, documents and orders on file in this action will be posted, such that anyone accessing Plaintiffs' Website will find copies of all documents filed in this action. (See Wiborg-Rodriguez Decl. ¶ 8.) The address for Plaintiffs' Website will be provided to Defendants via e-mail to Defendants' known e-mail accounts and onsite contact forms and will be included as part of service of process in this matter. (Id.)

Accordingly, each Defendant will be provided with notice of this action electronically by providing the address to Plaintiffs' Website to their corresponding e-mail addresses, customer service e-mail addresses and/or onsite contact forms or via the e-commerce marketplace platforms that Defendants use to conduct their commercial transactions via the Seller IDs. (See Wiborg-Rodriguez Decl. ¶ 9.)  In this manner, Defendants will receive a web address at which

they can access all electronic filings to view, print, or download any document filed in the case similar to the court's CM/ECF procedures. (Id.)

B.      **Defendants Rely Solely on Electronic Communications.**

Defendants have structured their e-commerce marketplace store businesses so that the means for customers to purchase Defendants' counterfeit and infringing goods at issue is by placing an order electronically. Defendants take and confirm orders online and rely on electronic means to receive payment. (See Burns Decl. in Support of Application for Temporary Restraining Order ¶ 4 and Comp. Exs. 1 through 4 thereto.) Indeed, Plaintiffs' investigator completed a purchase electronically via each Defendant's respective e-commerce store operating under its respective Seller ID. (Id.) Clearly, Defendants rely on electronic means as reliable forms of contact.

## III.   ARGUMENT

Pursuant to Federal Rule of Civil Procedure 4(h)(2), a foreign partnership or other unincorporated association may be served with process in any manner prescribed by Rule 4(f) for serving foreign individuals. Federal Rule of Civil Procedure 4(f)(3), allows a district court to authorize an alternate method for service to be effected upon a foreign defendant, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant. In the present matter, alternate service of process via e-mail and posting on Plaintiffs' Website are appropriate given Defendants have established Internet-based businesses by which they rely on electronic communications for their operation. Accordingly, this Court should permit service on Defendants by e-mail and website posting.

A.      **The Court May Authorize Service via Electronic Mail and Website Posting Pursuant to Federal Rule of Civil Procedure 4(f)(3).**

Federal Rule of Civil Procedure 4(h)(2) allows a foreign business entity to be served with

process "in any manner prescribed by Rule 4(f)," including any manner ordered under Rule 4(f)(3). U.S. Commodity Futures Trading Comm'n v. Aliaga, 272 F.R.D. 617, 619 (S.D. Fla. 2011). A foreign partnership or other unincorporated association can therefore be served in the same manner as serving a foreign individual pursuant to Rule 4(f)(3). Id. Federal Rule of Civil Procedure 4(f)(3) allows alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court. See Prewitt Enters., Inc. v. The Org. of Petrol. Exporting Countries, 353 F.3d 916, 923 (11th Cir. 2003). See also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007); Rio Props. Inc., v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002).  In fact, "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." Chanel, Inc. v. Zhixian, 2010 WL 1740695, at * 2 quoting Rio Props., 284 F.3d at 1014 (citing Mayoral–Amy v. BHI Corp., 180 F.R.D. 456, 459 n. 4 (S.D. Fla. 1998)).

The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing an alternate means of service lies within the sole discretion of the District Court. Prewitt Enters., Inc., 353 F.3d at 921; Rio Props., 284 F.3d at 1116. See, e.g., Brookshire Bros., Ltd., 2007 WL 1577771, at *2 (noting that "district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service"); In re Int'l Telemedia Assocs., 245 B.R. 713, 720 (N.D. Ga. 2000) (noting that Rule 4(f)(3) is designed to allow courts discretion and broad flexibility to tailor the methods of service for a particular case). Rule 4 does not require a party attempt service of process by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under

subsection 4(f)(3).  Rio Props., 284 F.3d at 1114-15; see also Brookshire Bros., Ltd., 2007 WL 1577771, at *1.

In Brookshire, the Honorable Judge Marcia G. Cooke allowed substitute service on a party's attorney pursuant to Rule 4(f)(3) holding as follows:

> Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f) and each subsection is separated from the one previous merely by the simple conjunction 'or.' Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates the primacy, and certainly Rule 4(f)(3) indicates no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

Brookshire Bros., Ltd., 2007 WL 1577771, at *1 (quoting Rio Props., 284 F.3d at 1015). Accord TracFone Wireless, Inc. v. Bitton, 278 F.R.D. 687, 692 (S.D. Fla. Jan. 11, 2012) (noting that, in regards to Rule 4(f)(3), "there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive "or," are meant to be read as a hierarchy."). Judge Cooke further held, "[t]he invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief." Brookshire Bros., Ltd., 2007 WL 1577771, at *2.

Additionally, the Constitution itself does not mandate that service be effectuated in any particular way. Rather, Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Brookshire Bros., Ltd., 2007 WL 1577771, at *1 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)); see also TracFone Wireless, Inc., 278 F.R.D. at 692; Rio Props., 284 F.3d at 1016. Accordingly, federal courts have allowed a variety of alternative service methods, including service by e-mail and service by posting on a designated website, where a plaintiff demonstrates the likelihood that the proposed alternative method of service will

notify a defendant of the pendency of the action. See, e.g., Rio Props., 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); In re Int'l Telemedia Assocs., 245 B.R. at 721 ("If any methods of communication can be reasonable calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."). National Association for Stock Car Auto Racing, Inc. v. Does, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (in "acknowledging the realities of the twenty-first century and the information age, the Court determined that the most appropriate place for posting was [Plaintiff's Website].").

Here, service on Defendants by e-mail and/or posting on Plaintiffs' Website will satisfy due process by apprising them of the action and giving them the opportunity to answer Plaintiffs' claims. Based on Plaintiffs' investigation, each Defendant has at least one form of electronic means of contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with that Defendant, and consequently, the most reliable means of providing Defendants with notice of this action.  (See Wiborg-Rodriguez Decl. ¶¶ 3-7; Burns Decl. in Support of Application for Temporary Restraining Order ¶ 4.) Moreover, service by posting on Plaintiffs' Website will be an additional source of reliability as Defendants will be able to see copies of the Complaint and all other documents in this matter electronically via their Internet browser. (See Wiborg-Rodriguez Decl. ¶ 8.)

E-mail service on an online business defendant is appropriate and constitutionally acceptable in a case such as this when the Plaintiffs have proven that e-mail is the most effective means of providing the defendant notice of the action. See Rio Properties, 284 F.3d at 1017 (concluding "not only that service of process by e-mail was proper—that is, reasonably

calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant].”). See also Popular Enters., LLC v. Webcom Media Group, Inc., 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (“Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts) (citation omitted). The Rio Properties and Popular Enters., LLC courts each determined e-mail service to be appropriate in part because, as in this case, the defendants conducted their businesses online, used e-mail regularly in their businesses, and encouraged parties to contact them via e-mail. (See id.)

In cases that are factually similar to this one, a number of Courts have held that alternate forms of service pursuant to Rule 4(f)(3), such as e-mail service, are appropriate and may be the only means of effecting service of process “when faced with an international e-business scofflaw.” See Rio Properties, 284 F.3d at 1018; see also Chanel, Inc. v. Zhixian, 2010 WL 1740695, at *3 (e-mail service “reasonably calculated to notify Defendants of the pendency of this action and provide him with an opportunity to present objections.”); TracFone Wireless, Inc., 278 F.R.D. at 693 (finding that service of process by e-mail was reasonably calculated to apprise the defendants of the action and give it an opportunity to respond); Popular Enters., LLC, 225 F.R.D. at 563 (same); In re Int’l Telemedia Associates, 245 B.R. at 722 (“A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party” (concluding e-mail and facsimile service to

11

be appropriate)); <u>Chanel, Inc. v. Zhibing</u>, Case No. 09-cv-02835, 2010 WL 1009981, at *4 (W.D. Tenn. March 17, 2010) (stating that e-mail service has the "greatest likelihood" of reaching e-commerce merchants and noting, "The federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages." Alternate service via e-mail granted).[6]  Plaintiffs submit that allowing e-mail service in the present case is appropriate and comports with constitutional notions of due process, particularly given Defendants' decisions to conduct their illegal businesses using the Internet and utilizing e-mail as a primary means of communication.

Additionally, service of a defendant by posting on a designated website has been deemed an appropriate means of service by posting.  <u>See</u> <u>National Association for Stock Car Auto Racing, Inc.</u>, 584 F. Supp. 2d at 826.[7]  A proposed method of website posting need only be

---

[6] <u>See</u> <u>Louis Vuitton Malletier v. lv2014.skrar</u>, Case No. 19-cv-61015-RAR (S.D. Fla. June 14, 2019) (Order granting alternative service via, <i>inter alia</i>, e-mail); <u>Fendi S.R.L. v. JOE BAG, et al.</u>, Case No. 19-cv-61356-RAR (S.D. Fla. June 4, 2019) (same); <u>adidas AG v. Global online shopping, et al.</u>, Case No. 19-cv-61180-RAR (S.D. Fla. May 29, 2019) (same); <u>Abercrombie & Fitch Trading Co. v. Artemis Gesdy</u>, et al., Case No. 19-cv-60287-RAR (S.D. Fla. May 16, 2019) (same). <u>See also</u> <u>Gucci Am., Inc. v. Individuals, P'ships & Unincorporated Ass'ns</u>, No. 19-60600-CIV-CMA, 2019 U.S. Dist. LEXIS 78858 (S.D. Fla. Mar. 8, 2019) (same); <u>adidas AG v. Individuals, P'ships & Unincorporated Ass'ns</u>, No. 19-60457-CIV-WPD, 2019 U.S. Dist. LEXIS 78035 (S.D. Fla. Feb. 25, 2019) (same); <u>Apple Corps Limited, <i>et al</i> v. Individuals, P'ships & Unincorporated Ass'ns</u>, No. 19-60404-CIV-KMW, 2019 U.S. Dist. LEXIS 78859 (S.D. Fla. Feb. 19, 2019) (same); <u>adidas AG v. adidas.style</u>, No. 17-62535-CIV-MGC, 2018 U.S. Dist. LEXIS 216976 (S.D. Fla. Feb. 7, 2018) (Hunt, P.) (same); <u>Michael Kors, L.L.C. v. 0-66602</u>, No. 18-62775-CIV-DPG, 2018 U.S. Dist. LEXIS 225639, (S.D. Fla. Dec. 6, 2018) (same).

[7] <u>See also</u> <u>Louis Vuitton Malletier v. lv2014.skrar</u>, Case No. 19-cv-61015-RAR (S.D. Fla. June 14, 2019) (Order granting alternative service via e-mail service and by posting on plaintiff's designated website); <u>Fendi S.R.L. v. JOE BAG, et al.</u>, Case No. 19-cv-61356-RAR (S.D. Fla. June 4, 2019) (same); <u>adidas AG v. Global online shopping, et al.</u>, Case No. 19-cv-61180-RAR (S.D. Fla. May 29, 2019) (same); <u>Abercrombie & Fitch Trading Co. v. Artemis Gesdy</u>, et al., Case No. 19-cv-60287-RAR (S.D. Fla. May 16, 2019) (same).  <u>See also</u> <u>Gucci Am., Inc. v. Individuals, P'ships & Unincorporated Ass'ns</u>, No. 19-60600-CIV-CMA, 2019 U.S. Dist. LEXIS 78858 (S.D. Fla. Mar. 8, 2019) (same); <u>adidas AG v. Individuals, P'ships & Unincorporated Ass'ns</u>, No. 19-60457-CIV-WPD, 2019 U.S. Dist. LEXIS 78035 (S.D. Fla. Feb. 25, 2019) (same); <u>Apple Corps Limited, <i>et al</i> v. Individuals, P'ships & Unincorporated Ass'ns</u>, No. 19-60404-CIV-KMW, 2019 U.S. Dist. LEXIS 78859 (S.D. Fla. Feb. 19, 2019) (same); <u>adidas AG v.</u>

"reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  National Association for Stock Car Auto Racing, Inc., 584 F. Supp. 2d at 826 (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 315-16, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). In National Association for Stock Car Auto Racing, Inc. v. Does, the United States District Court for the Western District of North Carolina determined that the plaintiff could serve "Doe" defendants and apprise those defendants of a pending preliminary injunction hearing posting on the plaintiff's website.  (Id.)

Accordingly, Plaintiffs have created their Website appearing at the URL http://servingnotice.com/awel3b/index.html whereon copies of the Complaint, this Motion, and all other pleadings, documents, and orders issued in this action will be posted. (See Wiborg-Rodriguez Decl. ¶ 8.) The address to Plaintiffs' Website will be provided to Defendants via their known e-mail accounts and onsite contact forms, and will be included upon service of process in this matter. (Id.) Plaintiffs respectfully submit that alternate service by posting the Summonses and Complaint on Plaintiffs' Website will provide notice to Defendants sufficient to meet the due process requirements for service of process pursuant to Federal Rule of Civil Procedure 4, apprise Defendants of the pendency of this action, and afford Defendants and any other interested parties an opportunity to present their answers and objections.

## B.   Service of Process Via Electronic Means Are Not Prohibited by International Agreement.

Service via e-mail and via posting on a designated website are not prohibited by international agreement. Based upon the information provided in connection with Defendants' e-commerce stores including the shipping information and payment data provided in connection

---

adidas.style, No. 17-62535-CIV-MGC, 2018 U.S. Dist. LEXIS 216976 (S.D. Fla. Feb. 7, 2018) (Hunt, P.) (same); Michael Kors, L.L.C. v. 0-66602, No. 18-62775-CIV-DPG, 2018 U.S. Dist. LEXIS 225639, (S.D. Fla. Dec. 6, 2018) (same).

with Defendants' Seller IDs, Plaintiffs have good cause to suspect Defendants are residing in the People's Republic of China ("China"), or other foreign jurisdictions, and/or redistribute products from sources in those locations.[8] (See Wiborg-Rodriguez Decl. ¶ 10.)  The United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention").  (See Wiborg-Rodriguez Decl. ¶ 11 and Composite Exhibit "1" attached thereto, Hague Service Convention and list of signatory Members.) However, the Hague Service Convention does not preclude the Court from authorizing service of process via e-mail or posting on a designated website.

Alternative means of service, such as e-mail and website posting, are not prohibited by the Hague Service Convention where a signatory nation has not expressly objected to those means.  See Stat Med. Devices, Inc. v. HTL-Strefa, Inc., Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention is limited to the forms of service expressly objected to).[9]  Article 10 to the Hague Service Convention allows service of process through means other

---

[8] Upon information and belief, some Defendants likely reside and/or operate in foreign jurisdictions but ship their goods to shipping and fulfillment centers within the United States to redistribute their products from those locations. (See Compl. ¶ 10.)

[9] See Louis Vuitton Malletier v. lv2014.skrar, Case No. 19-cv-61015-RAR (S.D. Fla. June 14, 2019) (authorizing e-mail service and by posting on plaintiff's designated website, noting an objection to the alternative means of service provided by the Hague Convention is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or posting); Fendi S.R.L. v. JOE BAG, et al., Case No. 19-cv-61356-RAR (S.D. Fla. June 4, 2019) (same); adidas AG v. Global online shopping, et al., Case No. 19-cv-61180-RAR (S.D. Fla. May 29, 2019) (same); Abercrombie & Fitch Trading Co. v. Artemis Gesdy, et al., Case No. 19-cv-60287-RAR (S.D. Fla. May 16, 2019) (same). See also Gucci Am., Inc. v. Individuals, P'ships & Unincorporated Ass'ns, No. 19-60600-CIV-CMA, 2019 U.S. Dist. LEXIS 78858 (S.D. Fla. Mar. 8, 2019) (same); adidas AG v. Individuals, P'ships & Unincorporated Ass'ns, No. 19-60457-CIV-WPD, 2019 U.S. Dist. LEXIS 78035 (S.D. Fla. Feb. 25, 2019) (same); adidas AG v. adidas.style, No. 17-62535-CIV-MGC, 2018 U.S. Dist. LEXIS 216976 (S.D. Fla. Feb. 7,

than a signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State of destination does not object to those means. See Hague Convention, Art. 10, 20 U.S.T. 361 (1969). China has objected to the alternative means of service outlined in Article 10 of the Convention. (See Wiborg-Rodriguez Decl. ¶ 11.) However, that objection is specifically limited to the means of service enumerated in Article 10, and China has not expressly objected to service via e-mail or website posting. (See id. and Comp. Ex. 1 attached thereto.) Because the declaration to the Hague Convention filed by China does not object to e-mail and website posting service, "a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]." Gurung v. Malhotra, 279 F.R.D. 215, 219 (S.D.N.Y. 2011); see also WhosHere, Inc. v. Orun, Case No. 13-cv-00526-AJT, 2014 U.S. Dist. LEXIS 22084, at *9 (E.D. Va. Feb. 20, 2014) (authorizing e-mail service, noting objection to means of service listed in Article 10 "is specifically limited to the enumerated means of service in Article 10.").

Moreover, an objection to the alternative means of service provided in Article 10 does not represent a per se objection to other forms of service, such e-mail or website posting. See In re S. African Apartheid Litig., 643 F. Supp. 2d 423, 434, 437 (S.D.N.Y. 2009) (requiring express objection to alternative method of service by signatory nation to preclude that particular means of service). Consequently, China's objection to the means of alternative service provided in Article 10 is no bar to court-directed service and do not prevent this Court form authorizing alternative service of process via e-mail or website posting. See, e.g., Gurung, 279 F.R.D. at 220 (approving service of process on foreign defendants via e-mail despite India's objection to

2018) (Hunt, P.) (same); Michael Kors, L.L.C. v. 0-66602, No. 18-62775-CIV-DPG, 2018 U.S. Dist. LEXIS 225639, (S.D. Fla. Dec. 6, 2018) (authorizing e-mail and website publication service despite China's objection to Article 10).

Article 10, stating that an "objection to service through postal channels does not amount to an express rejection of service via electronic mail."); Stat Med. Devices, Inc., 2015 U.S. Dist. LEXIS 122000 at *8-9 (permitting service of process on foreign defendants via e-mail and substituted service on domestic counsel despite Poland's objection to Article 10, noting "This Court and many other federal courts have permitted service by electronic mail and determined that an objection to Article 10 of the Hague Convention . . . does not equate to an express objection to service via electronic mail."); FTC v. PCCare247 Inc., Case No. 12-cv-7189-PAE, 2013 U.S. Dist. LEXIS 31969, at * 10 (S.D.N.Y. March 7, 2013) (authorizing service of process via e-mail and Facebook, explaining that "Numerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10."); WhosHere, Inc., 2014 U.S. Dist. LEXIS 22084 (authorizing service of process on foreign defendants via e-mail despite Turkey's objection to Article 10); Richmond Techs., Inc. v. Aumtech Bus. Solutions, Case No. 11-CV-02460-LHK, 2011 U.S. Dist. LEXIS 71269 (N.D. Cal. July 1, 2011) ("[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention.").

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs, Apple Corps Limited and Subafilms Limited, respectfully request this Court grant the present motion and authorize service of the Summonses, Complaint, and all filings and discovery in this matter upon each Defendant in this action:

(1)     via e-mail by providing the address to Plaintiffs' designated serving notice website to Defendants via the e-mail accounts provided by Defendants (i) as part of the data

related to their respective e-commerce stores or websites, including customer service e-mail addresses and onsite contact forms, or (ii) via the e-commerce platforms for their respective e-commerce stores, or

(2)     via website posting by posting a copy of the Summonses, Complaint, and all filings and discovery in this matter on Plaintiffs' Website appearing at the URL http://servingnotice.com/awel3b/index.html.

DATED: March 19, 2020.              Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **s/T. Raquel Wiborg-Rodriguez**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar. No. 103372)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: Stephen@smgpa.net
E-mail: Leo@smgpa.net
E-mail: Raquel@smgpa.net

Attorneys for Plaintiffs

## SCHEDULE "A"
## DEFENDANTS BY NUMBER, SELLER ID, AND MEANS OF CONTACT

| Def. No. | Defendant / Seller ID | Means of Contact |
|---|---|---|
| 1 | FuntionRoad | www.amazon.com/shops/AM89SFVYDXKSH |
| 2 | Fwad Gacx | www.amazon.com/shops/AF76R15UQSUT |
| 3 | hefeimoshikejiyouxiangongsi | www.amazon.com/shops/A1JRTV7FUN6PV9 |
| 4 | HF2121gdd | www.amazon.com/shops/AG30RV5TXBI2W |
| 5 | HJMYY | www.amazon.com/shops/A3YJC87VOJH04 |
| 6 | huang jin. | www.amazon.com/shops/AI7OROG8IWMHA |
| 7 | KKFFFIINHGH | www.amazon.com/shops/A2DTQW17ML3BSN |
| 8 | kunaichen | www.amazon.com/shops/A2SG26EY06P7BF |
| 9 | LanS | www.amazon.com/shops/A3JKVMZOWBJC3T |
| 10 | Lisa Cave | www.amazon.com/shops/A26J1EOJVDX3Z9 |
| 11 | Not care | www.amazon.com/shops/AY191YJ8NCWD5 |
| 12 | QDWSRY12DX | www.amazon.com/shops/A3OEH5DZ9N13ZF |
| 13 | quzhoushikechengzuobianfuzhuangdian | www.amazon.com/shops/A33FYACIH4S8X5 |
| 14 | Simply lovely | www.amazon.com/shops/A1JZKZ90WNZ844 |
| 15 | Sping Jewelry | www.amazon.com/shops/A2C0734K3FH010 |
| 16 | STACDO | www.amazon.com/shops/A1X5SPA1M6Q2IG |
| 17 | THOMX | www.amazon.com/shops/A1ORQY4KOYB3V2 |
| 18 | vphk84trbps | www.amazon.com/shops/A3B4MOGKI9RUAR |
| 19 | xingluzhenxin | www.amazon.com/shops/A2GYGX52RDFRN |
| 20 | York Rutherford | www.amazon.com/shops/A1GSF3SJ849E5B |
| 21 | Aboom | www.dhgate.com/store/20683917 |
| 22 | Bincheng4 | www.dhgate.com/store/21155587 |
| 23 | Buyfullteam | www.dhgate.com/store/21356464 |
| 24 | Charben | www.dhgate.com/store/21090197 |
| 25 | Dgmcyima | www.dhgate.com/store/21014830 |

| 26 | Elena12 | www.dhgate.com/store/19930458 |
|----|---------|-------------------------------|
| 27 | Honey_home | www.dhgate.com/store/20678782 |
| 28 | Hu860818 | www.dhgate.com/store/20294094 |
| 29 | Jimliu520 | www.dhgate.com/store/20594189 |
| 30 | Joe_he | www.dhgate.com/store/20294660 |
| 31 | Kimexu | www.dhgate.com/store/14325756 |
| 32 | Princess0510 | www.dhgate.com/store/20037108 |
| 33 | Shancb12 | www.dhgate.com/store/19974057 |
| 34 | Toplogo | www.dhgate.com/store/20458499 |
| 35 | Wk1403 a/k/a China Jerseys | www.dhgate.com/store/21153467 |
| 36 | Workingcover01 | www.dhgate.com/store/20607187 |
| 37 | Xsy01tshirt | www.dhgate.com/store/21109459 |
| 38 | acagi13 | acaturgigih31@hotmail.com |
| 39 | adgunawa_9 | adigunawan3435@gmail.com |
| 40 | adiprasety-0 | adibprasetyo223@gmail.com |
| 41 | ahmahasyi-0 | ahasyim587@gmail.com |
| 42 | alnasiki0 | alinasikin337@gmail.com |
| 43 | ananpurnom-0 | rosidahs470@gmail.com |
| 44 | ariqoto-0 | arifqotob499@gmail.com |
| 45 | ars_3300 | arsyidkal222@gmail.com |
| 46 | budsantos72 | budisantoso23121@gmail.com |
| 47 | cimorsep0 | cimorisepi334@gmail.com |
| 48 | dikmali0 | dikimalik81@gmail.com |
| 49 | ds107927_9 | ds107927@gmail.com |
| 50 | edgibso0 | edigibson7@gmail.com |
| 51 | ekod949900 | ekod94990@gmail.com |
| 52 | fefebr_0 | febrifebrianto09@hotmail.com |
| 53 | gatokac_0 | gatotkaca376382@gmail.com |
| 54 | gilanpawism-0 | gilangpawisma897@gmail.com |
| 55 | hasanurdi-9 | hasannurdin324@gmail.com |

| 56 | husal3924 | andikhermanto220@gmail.com |
|---|---|---|
| 57 | ifabahdi0 | ifanbahdim654@gmail.com |
| 58 | kirukiru-9 | kirun.6ki@gmail.com |
| 59 | lipanh_0 | panhegarlion22@hotmail.com |
| 60 | lovelyseller_qzl | wuhongyuepp@126.com |
| 61 | luklukma-0 | lukilukman322@gmail.com |
| 62 | ma-225045 | gotanrambois0607@gmail.com |
| 63 | mansuaripi-2 | mansuraripin5445@gmail.com |
| 64 | manugoal2000 | manugoal2000@gmail.com |
| 65 | petetanuwijay_0 | wijayapetertanu@gmail.com |
| 66 | ri_317 | rikodwi87654@hotmail.com |
| 67 | rustomuzak-0 | rustonmuzaki278@gmail.com |
| 68 | slameriyad_12 | slametriyadi27356@gmail.com |
| 69 | wantputr0 | putrawanto41@gmail.com |
| 70 | yoglig-0 | yogaliga86@gmail.com |
| 71 | zumzol_0 | zumizola231@gmail.com |
| 72 | benben.std | https://www.wish.com/merchant/547091891280fa0973080e21 |
| 73 | Fashionyou1999 | https://www.wish.com/merchant/5808351d9a2dd747de698912 |
| 74 | ojbhgg online store | https://www.wish.com/merchant/541e98ad4ad3ab65569b41d5 |
| 75 | surprise cc | https://www.wish.com/merchant/5d537d9d40defd6b15e4817d |
| 76 | YIJIN17 | https://www.wish.com/merchant/5d53d3b5152754324b8074c5 |
| 77 | YIJIN22 | https://www.wish.com/merchant/5d55170940defd4efeab697a |
| 78 | zhieyuan | https://www.wish.com/merchant/57987f2123430127b73228f5 |