UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-60587-RAR

**APPLE CORPS LIMITED** and
**SUBAFILMS LIMITED**,

        Plaintiffs,

v.

**FUNTIONROAD**, *et al.*,

        Defendants.
_____/

### CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT NUMBER 3

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion for Entry of Final Default Judgment and Permanent Injunction as to Defendant Number 3 [ECF No. 25] ("Motion"), indicating a settlement and resolution between Plaintiffs, Apple Corps Limited and Subafilms Limited ("Plaintiffs") and Defendant, hefeimoshikejiyouxiangongsi a/k/a Song Qiang ("Defendant Number 3"). For reasons set forth in the Order Granting the Motion [ECF No. 30] entered separately on May 4, 2020 it is hereby

**ORDERED AND ADJUDGED** that final judgment is **ENTERED** in favor of Plaintiffs, and against Defendant Number 3, as follows:

1. *Permanent Injunctive Relief:* Defendant Number 3 and its respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from:

    a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the BEATLES Marks and/or the YELLOW SUBMARINE Mark (collectively "Plaintiffs' Marks");

    b. using Plaintiffs' Marks in connection with the sale of any unauthorized goods;

c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant Number 3 as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiffs;

d. falsely representing Defendant Number 3 as being connected with the Plaintiffs, through sponsorship or association;

e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant Number 3, are in any way endorsed by, approved by, and/or associated with the Plaintiffs;

f. using any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant Number 3;

g. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant Number 3's goods as being those of the Plaintiffs, or in any way endorsed by the Plaintiffs;

h. offering such goods in commerce; and from otherwise unfairly competing with the Plaintiffs;

i. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe Plaintiffs' Marks; and

j. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

2. Plaintiffs shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure by Defendant Number 3 to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

3. This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

4. Each party shall bear its own attorney's fees and costs.

5. This Court will **RETAIN** continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment and Permanent Injunction.

6. Amazon Payments, Inc. ("Amazon") shall (1) disburse the funds of Defendant Number 3 restrained pursuant to the Court's Sealed Order Granting Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets, dated March 24, 2020 ("TRO") [ECF No. 9] as directed by Plaintiffs' counsel; (2) upon transfer of the funds as directed herein, Amazon shall remove any restraints that were placed on Defendant Number 3's Amazon account pursuant to the Court's TRO; and (3) return Defendant Number 3's account back to an unrestrained status in accordance with Amazon's operating procedures and contract for services with Defendant Number 3.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 5th day of May, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record